BRANDON M. SMITH - SBN 228065
LAW OFFICES OF BRANDON M. SMITH
105 West F St., Third Floor
San Diego, California 92101
Telephone:  (619) 236-8344
Facsimile: (619)236-8820

Attorneys for Defendant
Nancy Juarez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC. | CASE NO.: 3:15-cv-01477-LAB-BLM |
| Plaintiff, | OPPOSITION TO MOTION TO STRIKE |
| VS. | |
| NANCY JUAREZ, individually and d/b/a CALIFORNIA'S TACO SHOP | |
| Defendant. | |

Defendant NANCY JUAREZ respectfully submits this Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses:

INTRODUCTION AND BRIEF STATEMENT OF OPPOSITION

Plaintiff has filed an action seeking statutory damages for alleged violations of 47 USC §§ 553 and 605 (unauthorized interception of cable transmissions), along with claims under California Business & Professions Code 17200 (the Unfair Business Practices Act) and a common law claim for conversion. Plaintiff seeks damages in an

amount exceeding $ 100,000.00 from the Defendant doing business as CALIFORNIA'S TACO SHOP, a small restaurant in National City.  Plaintiff alleges that the Defendant intercepted, exhibited, and profited from exhibiting a cable boxing match on a television in the restaurant. In her Answer, the Defendant denies that she intercepted any cable broadcast and asserts affirmative defenses.

There exist issues of fact and credibility to be determined in discovery including whether the Defendant and other low income businesses in the area have been sued indiscriminately and without an adequate factual basis for alleged violations of the Communications Act. There is not enough information yet available to determine all the circumstances surrounding the alleged viewing, and the allegations which gave rise to this action and to Defendant's affirmative defenses.

Rather than engage in any effort to discuss or resolve the issues at hand, Plaintiff has filed the instant motion pursuant to Fed. Rules of Civ. Proc. Rule 12(f) seeking to strike each and every one of Defendant's affirmative defenses, alleging all of them to be "insufficient". Said motions appear to be nothing more than "make work" motions.

It is a common practice in the earliest stage of litigation to liberally include affirmative defenses to ensure a potential defense is not inadvertently waived. A motion to strike is a strongly disfavored motion. If, after adequate informal and formal discovery is accomplished, it can be shown that some affirmative defenses cannot succeed on the merits, then those defenses may be stricken at a later time. Even if Plaintiff were to establish that Defendants are not likely to be successful (or cannot succeed) on some affirmative defenses as pled, this Court still should not strike said defenses because Plaintiff has suffered absolutely no perceptible prejudice as the result of any affirmative defense included in the Answer.

In the event the Court is the least inclined to strike any affirmative defenses, the Defendant requests that this Court grant leave to amend her Answer to provide additional facts, where necessary.

POINTS AND AUTHORITIES

I. MOTIONS TO STRIKE ARE STRONGLY DISFAVORED

Motions to strike are generally disfavored because of the limited importance of pleadings in federal practice, and because it is usually used as a delaying tactic. *RDF Media Ltd. V Fox Broadcasting Company,* 372 F.Supp.2d 556 at p.561 (2005); see also *Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir. 2000). Before a motion to strike is granted, the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed. *Id.* See also *S.E.C. v. Sands, 902 F. Supp. 1149, 1165 (CD. Cal. 1995).* As with motions to dismiss for failure to state a claim, when ruling on a motion to strike, the court must view the pleading under attack in the light most favorable to the pleader. *RDF Media Ltd. V Fox Broadcasting Company, supra* 372 F.Supp.2d at p. 561, see also *Lazar v. Trans Union L.L.C,* 195 F.R.D. 665, 669 (CD. Cal. 2000) In other words, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party.

Where there is any doubt as to the relevance of the challenged allegations or affirmative defenses, courts err on the side of permitting the allegations to stand. Motions to strike on grounds of insufficiency, irrelevancy, immateriality, and redundancy will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Dah Chong Hong, Ltd.*

*V. Silk Greenhouse, Inc.,* 719 F.Supp. 1072 at p. 1073 (M.D. Fla 1989). In many cases, motions to strike are made in conjunction with motions for partial summary judgment, and after significant discovery has been conducted.

The court in *Stanbury Law Firm, P.A. v. Internal Revenue Service,* 221 F.3d 1059 at p. 1063 (8th Cir. 2000) restated the standard on a Rule 12 (f) motion, and firmly expressed that granting a motion to strike is an extreme measure:

This court has rarely been called upon to interpret *Rule 12(f),* which states, in pertinent part, that: "Upon motion made by a party ...or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys "liberal discretion" thereunder. [Citations] Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result, we have previously held that "motions to strike under *Fed. R. Civ. P. 12(f)* are viewed with disfavor and are infrequently granted."

Courts disfavor the motion to strike, because it proposes a drastic remedy.

II. DEFENDANT'S AFFIRMATIVE DEFENSES ARE ALL GROUNDED ON FACTUAL BASES, AND PROPERLY PLEAD MATTERS EXTRANEOUS TO PLAINTFF'S CASE WHICH DENY PLAINTIFF'S ALLEGED RIGHT TO RECOVER

Just because Plaintiff alleges that the Affirmative Defenses constitute a "boilerplate recitation" does not make it so. The Affirmative Defenses were carefully chosen on the basis of the facts presently in Defendant's possession. Affirmative defenses are governed by the same pleading standard as complaints. The Federal Rules of Civil

Procedure ("FRCP") Rule 8(c) provides that, in general, in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense. FRCP Rule 8(d)(1) provides that each allegation must be simple, concise, and direct. No technical form is required. An extensive exposition of the underlying facts is not necessary for an affirmative defense to succeed. FRCP Rule 9 provides that a party must state with particularity the circumstances constituting fraud or mistake, malice, intent, and other conditions of a person's mind, as well as an item of special damages. However, the application of Rule 9(b) should not abrogate the concept of notice pleading. *Dah Chong Hong, Ltd. V. Silk Greenhouse, Inc., supra,* 719 F.Supp. at p. 1073.

Each of Defendant's Affirmative Defenses establishes a connection between the defense and Plaintiff's Complaint, and each defense provides fair and adequate notice to Plaintiff of the substance of the defense being advanced.

FRCP Rule 8 (d)(2) permits a party to set forth alternative or hypothetical claims or defenses, and FRCP Rule 8(d)(3) permits a party to state as many separate claims or defenses as it has, regardless of consistency.

III. PLAINTIFF HAS SUFFERED NO PREJUDICE

Plaintiff has not established any prejudice that it might suffer should its motion be denied. In the matter *Securities and Exchange Commission v. Sands,* 902 F. Supp. 1149 (1995), the court denied the CEO's motion for summary judgment, granted in part and denied in part the SEC's motion for summary judgment and struck certain affirmative defenses, and in doing so, the court enumerated the standard for granting such motion as follows:

As a general proposition, motions to strike are "regarded with disfavor because [they] are often used as delaying tactics, and because of the limited importance of pleadings

in federal practice." [Citations] Accordingly, courts often require a showing of prejudice by the moving party. Schwarzer at §§ 9:376, 9:407; Wright & Miller at § 1381. The Ninth Circuit has stated that prejudice can arise from allegations that cause delay or confusion of the issues. [Citation] Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike. [Citation] [Emphasis added] *Securities and Exchange Commission v. Sands, (hereinafter, S.E.C.) supra,* 902 F. Supp. at pp.1165-1166.

There has been no showing of how Plaintiff is, or would be, prejudiced if the Court denied its motion. Plaintiff has not demonstrated that any of Defendants' Affirmative defenses, as pled, will cause any undue delay, or any confusion over the issues. This is not a complex case, and the issues of fact are clear and eminently capable of finding resolution through reasonably limited discovery.

Moreover, the fact that the aforementioned S.E.C. court struck some affirmative defenses does nothing whatsoever to support Plaintiff's motion, because the case is highly distinguishable from the instant case in that here, discovery has not even begun: The S.E.C. court struck the "unclean hands" defense only after discovery was complete. Similarly, under the circumstances of the instant case, it would be logical to permit Defendants in this matter to fully explore the facts before striking their Answer.

Under the applicable standard for considering an FRCP Rule 12(f) motion, Plaintiff's motion should not be granted because under the instant circumstances, it cannot be said that the defenses as pled could have no possible bearing on the subject matter of the litigation.

IV. IF THIS COURT IS INCLINED TO GRANT PLAINTIFF'S MOTION IN ANY

PART, OR IN WHOLE, DEFENDANT SHOULD BE GRANTED LEAVE TO AMEND

Defendant maintains that Plaintiff's motion should be denied in every respect. However, in the event that the Court is in the least inclined to rule in Plaintiff's favor, in part or in whole, then Defendants should be granted leave to amend their Answer.

In the matter *Wyshak v. City National Bank,* 607 F.2d. 824 (9th Cir. 1979) the court stated: "In the absence of prejudice to the opposing party, leave to amend should be freely given." *Id.* at p. 826-827 citing, in part, *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227 (1962). In another case, *Qarbon.com v. eHelp Corp.,* 315 F.Supp.2d 1046 at pp 1049-1050 (N.D. CA 2004), the court struck affirmative defenses of unclean hands, waiver and estoppel, and granted defendant leave to amend to add facts. In fact, leave to amend is routinely granted after a Rule 12 motion to dismiss or strike, and the court normally specifies when the amended pleading is due. See Schwarzer, Tashima & Wagstaff, Cal. Practice Guide: Fed. Civ. Pro Before Trial [8:11463] (The Rutter Group 2010).

In the event Plaintiff's motion is granted in any respect, Defendant respectfully requests she be permitted to amend her Answer to plead additional facts providing greater specificity in her affirmative defenses in order to demonstrate their application to this case.

CONCLUSION

The Defendant's Answer liberally included affirmative defenses reasonably calculated to preserve Defendant's rights and permit relevant discovery under the facts presently known. Plaintiff has suffered no discernable prejudice. Based on all the foregoing, the

1 | Defendant respectfully requests that Plaintiff's motion be denied in its entirety.
2 | Alternatively, the Defendant requests that this Court grant leave to amend her Answer.

Dated: November 23, 2015          LAW OFFICES OF BRANDON M. SMITH

                                                  */s/ Brandon Smith*_____
                                                  BRANDON M. SMITH
                                                  Attorney for Defendant