# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br> vs. <br> NANCY JUAREZ, <br><br> Defendant. | CASE NO. 15cv1477-LAB (BLM) <br><br> **ORDER GRANTING MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES** |

J & J Sports moves to strike Juarez's thirteen affirmative defenses.

**Legal Standard**

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Affirmative defenses "deny plaintiffs right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). "A statement that denies plaintiff's prima facie case is not an affirmative defense." *Joe Hand Promotions, Inc. v. Kurti*, 2015 WL 5276691, at *1 (S.D. Cal. Sept. 9, 2015). Properly pleaded affirmative defenses must "give plaintiff fair notice of the defense." *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Although a defense need not include extensive factual allegations in order to give fair notice, *Sec. People, Inc. v. Classic Woodworking*, LLC, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005), bare statements

reciting mere legal conclusions may be insufficient, *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009). Where a court strikes an affirmative defense, leave to amend is ordinarily given freely. *See Wyshak*, 607 F.2d at 826–27 (9th Cir. 1979).

**Defenses That Are Not Affirmative Defenses**

Juarez's first affirmative defense, failure to state a claim, is not an affirmative defense. *Diaz v. Alternative Recovery Mgmt.*, 2013 WL 1942198, at *2 (S.D. Cal. May 8, 2013).

Juarez's second and fifth affirmative defenses, lack of causation and damages, merely deny elements of J & J's claims; they're not affirmative defenses. *Joe Hand Promotions, Inc. v. Davis*, 2012 WL 4803923, at *4 (N.D. Cal. Oct. 9, 2012).

Juarez's thirteenth affirmative defense is a reservation to assert additional defenses, which is not an affirmative defense. *Joe Hand Promotions, Inc. V. Davis*, 2012 WL 4803923, at *7 (N.D. Cal. Oct. 9, 2012).

**Insufficient or Immaterial Defenses**

Juarez's affirmative defenses three (accord and satisfaction), four (futility), and eleven (ratification) are normally defenses in contract law, but J & J Sports has not alleged a breach of contract and Juarez hasn't alleged facts to suggest these affirmative defenses are material. *See J & J Sports Prods. v. Olivo,* 2015 U.S. Dist. LEXIS 73993, at *6 (S.D. Cal. June 8, 2015); *Honeywell Int'l Inc. v. N.L.R.B.*, 253 F.3d 119, 124 (D.C. Cir. 2001); *J & J Sports Prods. v. Bernal*, 2014 U.S. Dist. LEXIS 67890 at *20-21 (E.D. Cal. May 16, 2014).

J & J alleges that Juarez illegally displayed the relevant boxing match on July 12, 2014. The shortest statute of limitations for J & J's claims is one year. *See Directv, Inc. v. Webb*, 545 F.3d 837, 847–48 (9th Cir. 2008) (one year for 47 U.S.C. §§ 553 & 605); Cal. Code Civ. P. § 338(c) (three years for conversion); Cal. Bus. & Prof. Code § 17208 (four years for Cal. Bus. & Prof. Code § 17200 claim). J & J filed this action on July 6, 2015—less than one year after the match. Juarez doesn't allege that the match was on a different date, and she doesn't allege any other facts to suggest that the statute of limitations

/ / /

or laches bar J & J's claims. *See Joe Hand Promotions, Inc v. Alvarado*, 2011 WL 201466, at *2 (E.D. Cal. Jan. 19, 2011)*.*

**Insufficiently Alleged Affirmative Defenses**

In addition, all of Juarez's affirmative defenses are insufficiently alleged because they're legal conclusions. They merely recite the respective legal doctrines without factual allegations to give J & J fair notice of the defenses. *CTF Dev., Inc.*, 2009 WL 3517617, at *7.

**Conclusion**

J & J's motion to strike is **GRANTED**. Affirmative defenses one, two, five, and thirteen are stricken without leave to amend. The remainder are stricken with leave to amend. Juarez shall file her amended answer and counterclaim no later than March 8, 2016.

**IT IS SO ORDERED**.

DATED: March 1, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge